IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN POULSEN,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>    Defendant.<br>                                        / | No. C 06-1743 SI<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |

Plaintiff has filed a motion for attorneys' fees and costs, which is scheduled for a hearing on January 19, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court finds that plaintiff is entitled to recover reasonable fees and costs, although not in the full amount requested.

## BACKGROUND

The factual background of plaintiff's Freedom of Information Act ("FOIA") request is set forth in the Court's September 26, 2006 Order. In that order, the Court held that defendant's search for responsive documents was reasonable, and that certain documents had been properly withheld. However, the Court also held, after an *in camera* review of the documents at issue, that various exemptions invoked by defendant did not apply, and ordered defendant to produce unredacted materials to plaintiff.

Defendant produced unredacted materials in response to the Court's order. Plaintiff published an article online based in part on the information contained in the produced documents. *See* Kevin Poulsen, *The Virus That Ate DHS*, at http://www.wired.com/news/technology/0,72051-0.html (Nov. 2, 2006). Plaintiff has now filed a motion for reasonable attorneys' fees and costs.

**DISCUSSION**

**1.    Eligibility for fees**

The FOIA permits the Court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(4)(E). Defendant contends that plaintiff did not substantially prevail because the Court held that defendant's search was reasonable, defendant "voluntarily" produced some documents to plaintiff after the inception of this lawsuit but before summary judgment, and because the Court only compelled further production of approximately 3% of the documents (based upon pages ordered produced). Plaintiff responds that he substantially prevailed because he obtained a court order compelling the release of significant documents relevant to his FOIA request.

As an initial matter, the parties dispute whether the definition of "prevailing party" articulated in *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598 (2001), applies to fee requests under FOIA. In *Buckhannon*, the Supreme Court rejected the "catalyst theory" as a basis for finding that a plaintiff was the prevailing party in a lawsuit under the Fair Housing Amendments Act and the Americans with Disabilities Act. *Id.* at 604-05. Instead, the Court held that in order for a party to recover fees as a "prevailing party" under those statutes, there must be a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605.

Here, assuming *arguendo* that *Buckhannon* applies to the instant fee motion, the Court concludes that plaintiff is the prevailing party in this litigation. The Court's summary judgment order compelled the production of documents withheld by defendant, and thus that order constituted a "judicially sanctioned change in the legal relationship of the parties." *Id.* Defendant makes much of the fact that it provided some documents to plaintiff prior to the Court's summary judgment order. However, those documents were heavily redacted, and defendant was required to produce additional information in response to the Court's order. Thus, the fact that defendant produced some documents absent a court order does not diminish the fact that plaintiff prevailed by obtaining the September 26, 2006 order.

The Court also rejects defendant's narrow focus on the quantity of pages ordered produced. "A court must assess both the substance and quality of the information released." *Union of Concerned Scientists v. U.S. Nuclear Regulatory Com'n*, 824 F.2d 1219, 1226 (D.C. Cir. 1987). While defendant

1  may be correct that the Court only compelled production of a small percentage of the total pages at issue,
2  those pages contained important information about the nature and breadth of the computer failures. The
3  Court ordered defendant to produce information from the executive summaries, as well as information
4  from spreadsheet reports summarizing all of the calls to the help desk and the resolution of each call;
5  this information revealed the scope and location of the virus, as well as defendant's response to the
6  problems. In contrast, the majority of pages that were not ordered released were contained in database
7  records that contained a mixture of "low 2" administrative, trivial information and "high 2" information
8  that could compromise CBP's computer systems. Defendant also overlooks the fact – noted in the
9  Court's September 26, 2006 order – that plaintiff's interest in disclosure of the voluminous database
10 records was less compelling in light of the fact that much, if not all, of the non-exempt information
11 contained in the records was also contained in documents that the Court ordered produced. *See*
12 September 26, 2006 Order at 12 n.5.

13
14    **2.    Entitlement to fees**
15         "If the plaintiff demonstrates that he is eligible for fees (i.e., proves that he has 'substantially
16 prevailed'), 'the district court may, in the exercise of its discretion, determine that the [complainant] is
17 entitled to an award of attorney's fees.'" *Long v. United States IRS*, 932 F.2d 1309, 1313 (9th Cir. 1991)
18 (*quoting Church of Scientology v. United States Postal Serv.*, 700 F.2d 486, 492 (9th Cir. 1983)). "In
19 exercising its discretion on the question of entitlement to fees, the district court must consider four
20 criteria: (1) the public benefit from disclosure, (2) any commercial benefit to the plaintiff resulting from
21 disclosure, (3) the nature of the plaintiff's interest in the disclosed records, and (4) whether the
22 government's withholding of the records had a reasonable basis in law." *Long*, 932 F.2d at 1313.

23         Defendant asserts that even if plaintiff is the prevailing party, plaintiff is not entitled to fees
24 because the position of the government was substantially justified. Defendant contends that it had a
25 reasonable basis for withholding the requested records because their release would compromise CBP's
26 ability to thwart attacks on its computer systems, invade the privacy of CBP employees, and the
27 documents related solely to the internal personnel rules and practices of CBP. For the reasons stated in
28 the September 26, 2006 order, the Court disagrees. While the Court found that defendant had properly

withheld certain information, the Court also held that defendant improperly invoked the law enforcement exemption as a basis for withholding numerous documents. The Court further held that defendant broadly withheld descriptive information regarding the scope of the computer failure, without ever explaining how the disclosure of such information would render the CBP system vulnerable to attack. Finally, the Court noted that in many instances, defendant's redaction of material was inconsistent and seemingly without any reasoned basis. As such, the Court finds that defendant's position was not substantially justified.

Defendant also asserts that plaintiff has failed to prove any public benefit from the documents he obtained. However, plaintiff is a journalist who has written several articles about the computer failure, including an article published after defendant's compelled production of documents. As courts have noted, "a court would ordinarily award fees, for example, where a newsman was seeking information to be used in a publication or a public interest group was seeking information to further a project benefitting the general public." *Fenster v. Brown*, 617 F.2d 740, 742 n.4 (D.C. Cir. 1979) (quoting legislative history of FOIA amendments of 1974). Thus, the Court finds that this factor weighs in favor of a fee award. For the same reasons, the other factors listed in *Long* – whether there is any commercial benefit to plaintiff and plaintiff's interest in the information disclosed – also support a fee award. *See id.* (stating that "news interests should not be considered commercial interests," and "a court would generally award fees if the complainant's interest in the information sought was scholarly or journalistic or public-interest oriented").

### 3. Amount of fee award

Plaintiff seeks a total fee and cost award of $82,068.89, which includes time spent litigating this fee motion. Defendant does not challenge the reasonableness of the rates sought, and instead only generally contends that plaintiff spent too much time on the following tasks: (1) drafting the complaint; (2) internal meetings; (3) preparing the summary judgment motion and reply; (4) the moot court for the summary judgment hearing; and (5) law students spent 191 hours on "undefined tasks." Defendant asserts that an amount between $5,000 to $10,000 would be an appropriate measure, with a 50% deduction in light of the "paltry amounts of documents ultimately ordered produced," for a total of

4

between $2,500 and $5,000. Defendant does not explain how it reaches this proposed amount. For the reasons stated *supra*, the Court rejects defendant's argument that the fee award should be reduced based on the small percentage of pages ordered released. Furthermore, while the Court finds that some deductions are warranted, the Court also finds that defendant's challenge to the reasonableness of plaintiff's fee request is conclusory and that defendant did not meet its "burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged." *McGrath v. County of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995); *see also Blum v. Stenson*, 465 U.S. 886, 892 n. 5 (1984).

In determining a reasonable attorney's fee, the Court calculates a "lodestar" by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court should exclude hours that were not "reasonably expended." *Id*. at 434. The Court has reviewed plaintiff's billing records, and concludes that certain deductions are necessary in order to arrive at a reasonable fee. As a general matter, the Court rejects defendant's assertion that plaintiff's counsel spent too much time on the summary judgment briefing, as this was the pivotal stage of the litigation. The Court agrees, however, that plaintiff's counsel should not recover all of the time spent on preparation for the oral argument/moot court. The Court finds that 8 hours of preparation time (for attorney Gelman) is reasonable, and accordingly deducts the balance. Similarly, the Court finds that the time spent on certain tasks, such as a 3 hour "call to Adams re: Reply," is excessive and should be reduced.

The Court also finds that some time entries are too general to provide any meaningful indication of how the time was spent, and thus those time entries shall be deducted as well. *See Trustees of Directors Guild of America-Producer Pension Benefit Plans v. Tise*, 234 F.3d 415, 427-428 (9th Cir. 2000). For example, one time entry for 1.0 hours states "Call to Gelman." Gelman Decl. Ex. A (5/18/06 time entry for Adams). Other time entries, for 8.0 hours each, simply state "research." *Id.* (3/14/06 and 3/16/06 entries). The Court finds these and similar time entries do not allow for meaningful review because they do not identify the "general subject matter" of the time expenditures. *Id.* (citing *Hensley*, 461 U.S. at 437 n.12).

With these principles in mind, the Court makes the following deductions:

- 4/25/06    2    Meet with Gelman and Adams re: Case Schedule (reduced to 1)

5

|   | Date | Hours | Description |
|---|------|-------|-------------|
| • |  |  | (Granick) |
| • | 5/16/06 | 1 | Review of papers in preparation for moot court (Granick) |
| • | 5/17/06 | 2 | Moot court of Gelman for hearing (Granick) |
| • | 5/22/06 | 1.5 | Moot court of Gelman for hearing (Granick) |
| • | 4/3/06 | 3 | Meet with Adams (Gelman) |
| • | 4/25/06 | 2 | Meet with Adams and Granick re: Case Schedule (reduced to 1) (Gelman) |
| • | 5/16/06 | 3 | Call to Adams re: Reply (reduced to 1) (Gelman) |
| • | 5/16/06 | 3 | Call to Adams re: Oral Argument (Gelman) |
| • | 5/19/06 | 8 | Preparation; Moot Oral Arg. (Gelman) |
| • | 5/20/06 | 5 | Preparation Oral Arg (Gelman) |
| • | 5/22/06 | 8 | Preparation/Moot Oral Arg (Gelman) |
| • | 5/23/06 | 5 | Preparation Oral Arg (Gelman) |
| • | 5/19/06 | 5 | Moot Court Prep (Olson) |
| • | 5/22/06 | 2 | Moot Court Prep (Olson) |
| • | 3/14/06 | 8 | Research (Adams) |
| • | 3/16/06 | 8 | Research (Adams) |
| • | 4/25/06 | 2 | Meet with Gelman and Granick re: Case Schedule (reduced to 1) (Adams) |
| • | 5/16/06 | 3 | Call to Gelman re: Oral Argument; Review Documents; Strategize for Oral Argument (Adams) |
| • | 5/18/06 | 1 | Call to Gelman (Adams) |

These deductions total $15,187.50. Accordingly, the Court GRANTS plaintiff's motion for fees and costs in the amount of $66,861.39, which represents $82,068.89 in total fees and costs requested minus $15,187.50.

**IT IS SO ORDERED.**

Dated: January 17, 2007

SUSAN ILLSTON
United States District Judge

6